172 So. 1

In re LIQUIDATION OF CANAL BANK
& TRUST CO. (ROSS & HEYN,
Inc., Intervener).

No. 34077.

Jan. 4, 1937.

Terriberry, Young, Rault & Carroll, of New Orleans, for appellant.

Dufour, St. Paul, Levy & Miceli and Rene J. Waguespack, all of New Orleans, for appellee.

ROGERS, Justice.

Ross & Heyn, Inc., intervened in the liquidation proceeding of the Canal Bank & Trust Company, claiming a privilege under Act No. 63 of 1926 in the sum of $12,663.-29, representing the proceeds of a check deposited with the bank before it was placed in liquidation. The court below denied the asserted privilege and dismissed the intervention. From that judgment, the intervener has appealed.

The check for $12,663.29, on the proceeds of which intervener is claiming a privilege, was drawn by the Texas Company on the Guaranty Trust Company of New York. Together with six local checks and a cash item, it was deposited with the Canal Bank & Trust Company on February 27, 1933; the total deposit amounting to $13,-944.95. The check was paid to the Canal Bank & Trust Company, through the Chase National Bank, its New York correspondent, on March 1, 1933.

The question in all cases of this kind is whether the relationship between the bank and the claimant is that of principal and agent or that of debtor and creditor. The evidence in the record satisfies

us that the latter and not the former relationship existed between the parties.

■ The testimony offered by the intervener in support of its contention that the relation of principal and agent existed between it and the Canal Bank & Trust Company is indefinite and unconvincing. It rests wholly on the understanding of the witnesses that the intervener had an agreement with the Marine Bank & Trust Company that the intervener was not to draw against nonlocal items deposited by it until the proceeds had been received by the bank, and their further understanding that the agreement was taken over by the Canal Bank &.Trust Company when it took over the accounts and assets of the Marine Bank & Trust Company in the year 1928. The testimony itself is a matter of inference rather than of knowledge on the part of the witnesses. And the physical facts as shown by the exhibits refute intervener's contention that the check involved here was placed with the bank for collection and remittance and not for deposit.

The deposit slip, which is in the usual form, was prepared by the intervener itself. Intervener stamped on the slip the words, "For Deposit, Ross & Heyn, Inc." The check, after being indorsed in blank, was indorsed, "For Deposit," by the intervener. The amount of the check was immediately entered as a credit in the passbook of the intervener and likewise credited to intervener's account on the books of the bank. The canceled check shows that it was paid on March 1, 1933, through the New York Clearing House.

During the time the bank was operating on a restricted basis, the intervener withdrew 35 per cent. of its deposits, including the proceeds of the check in dispute. Intervener was credited also with interest on its deposits up to May 20, 1933, when the Canal Bank & Trust Company was placed in liquidation. This was in accordance with the custom established by intervener and the Marine Bank & Trust Company and continued by the Canal Bank & Trust Company as the successor of the Marine Bank & Trust Company. The interest was allowed on intervener's daily deposit balances on condition that it maintained a certain daily balance. On cash items and local checks the interest began to run one day after the deposit was made and on nonlocal checks three days after the deposit was made. The item in dispute, being a New York check, began to earn interest from March 3, 1933, and intervener was given credit for the interest from that date.

Apparently, intervener always maintained a substantial balance on the books of the bank, on which balance it received the agreed interest. Intervener drew numerous checks against its deposit on February 27, 1933, and on March 1, 1933. The item under consideration was not segregated from the other items. All the items were deposited, received, and entered on the same day and in the same manner. Intervener had the absolute right to draw against the deposit, if it had seen fit to do so.

Another thing strikes us as deserving attention in this connection. As shown by the testimony, if this particular item had

been received for collection, and not for deposit, it would have been handled by the bank differently from the way in which it was handled. And it may be remarked that banks do not allow interest on collection items and they usually charge a fee for making the collections.

■ The burden is on intervener to establish the privilege which it claims. In re Liquidation of Hibernia Bank & Trust Company, 182 La. 856, 162 So. 644. Clearly, the intervener has not discharged the burden.

For the reasons assigned, the judgment appealed from is affirmed.